# Exhibit A



# Notice of Service of Process

**Primary Contact:**   Karen Sanford
Alterra Mountain Company
3501 Wazee St
Ste 400
Denver, CO 80216-3787

**Electronic copy provided to:**   Julie Bodden

| | |
|---|---|
| **Entity:** | Mammoth Hospitality Management, L.L.C.<br>Entity ID Number  3487182 |
| **Entity Served:** | Mammoth Hospitality Management, LLC |
| **Title of Action:** | Rosemary Garcia vs. Mammoth Hospitality Management, LLC |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Discrimination |
| **Court/Agency:** | Mono County Superior Court, CA |
| **Case/Reference No:** | CV190034 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 03/20/2019 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Joseph R. Manning, Jr.<br>949-200-8755 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

COPY

# SUMMONS
## (CITACION JUDICIAL)

| | FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE) |
|---|---|

**NOTICE TO DEFENDANT:** MAMMOTH HOSPITALITY
*(AVISO AL DEMANDADO):* MANAGEMENT, LLC, a Delaware limited
liability company; and DOES 1 to 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:** ROSEMARY GARCIA, an
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* individual;

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* | CASE NUMBER:<br>*(Número del Caso):*<br>FL19 0034 |
|---|---|

Superior Court of California, County of Mono
100 Thompsons Way
Mammoth Lakes, California 93546

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: Joseph R. Manning, Jr.
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Law Offices of Joseph R. Manning, Jr., APC
20062 SW Birch St., Suite 200, NEWPORT BEACH, CA 92660        949-200-8755

| DATE: 3/4/19 | Sharon Oliveira, Clerk, by | KAY RICHMOND | , Deputy |
|---|---|---|---|
| *(Fecha)* | *(Secretario)* | | *(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* MAmmoth Hospitality Management LLC
   under: ☐ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)       ☐ CCP 416.70 (conservatee)
   ☑ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☑ by personal delivery on *(date):* 3/20/19

[SEAL]

---

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
Westlaw Doc & Form Builder™

Page 1 of 1

# MANNING LAW, APC

ADAPracticeGroup@ManningLawOffice.com    Office: 949.200.8755
                                         Facsimile: 866.843.8308

20062 SW Birch St., Ste 200
Newport Beach, CA 92660
www.ManningLawOffice.com

March 18, 2019

Annette Kuhlman
CSC – Lawyers Incorporating Service
c/o Mammoth Hospitality Management, LLC dba Juniper Springs Resort
2710 Gateway Oaks Drive, Suite 150N
Sacramento, Ca 95833

RE:    ROSEMARY GARCIA vs. Mammoth Hospitality Management, LLC dba Juniper
       Springs Resort

       Case No.: CIV190034

CONFIDENTIAL SETTLEMENT COMMUNICATION PURSUANT TO F.R.E. 408 AND
CAL. EV. CODE 1152 *ET SEQ.*; FOR SETTLEMENT PURPOSES ONLY

To Whom It May Concern:

　　　　We represent the Plaintiff in this action.  She is a disabled person with mobility
disabilities and she experienced barriers when she unsuccessfully attempted to reserve an
accessible room at Mammoth Hospitality Management, LLC's property using the hotel's website
(www.juniperspringsmammoth.com; or hereinafter, the "Website").  The types of access barrier
encountered by our client were specifically and expressly made unlawful several years ago when
28 CFR 36.302(e) became effective on March 15, 2012.

　　　　Our client was frustrated and disappointed by this stigmatizing denial of equal access and
seek statutory damages under the Unruh Civil Rights Act ("UCRA") as a result.  Perhaps more
important to our client, she desires to act as a impetus for Mammoth Hospitality Management,
LLC: to make reasonable modifications to reservations policies, practices, or procedures
necessary; to ensure that individuals with disabilities can make reservations for accessible guest
rooms through your Website reservations systems; and, that those reservations are handled in the
manner required by 28 CFR 36.302(e) in all respects.

# MANNING LAW, APC

ADAPracticeGroup@ManningLawOffice.com    Office: 949.200.8755                    4667 MacArthur Blvd, Ste 150
                                         Facsimile: 866.843.8308                 Newport Beach, CA 92660
                                                                                 www.ManningLawOffice.com

The Complaint seeks a declaration that the Website, at the time when the complaint was filed[1], failed to comply with 28 CFR 36.302(e) and therefore, under the UCRA, seeks an order to correct that or cease the practice of accepting online reservations, and all attendant relief. We do believe there is little doubt that we will prevail in this matter.

We have archived admissible working copies of the Website as they existed prior to the filing of the Complaint (including the code) to document the clear violations of law present therein. We are continuing to monitor the Website and we are making further admissible working copies on a daily basis to document changes, if any, as they occur. Given the indisputable facts presented and the clear violations of law they depict, we plan to seek summary judgment at the first opportunity.

That said, if your client is willing, we are open to a procedure whereby, together, our clients can cooperatively and collaboratively ensure that the Mammoth Hospitality Management, LLC's reservations systems are accessible as required by 28 CFR 36.302(e) and the UCRA. Given the widely lamented state of the travel industry for persons with disabilities, in addition to bringing Mammoth Hospitality Management, LLC into compliance with the law, this would be an important achievement in service of its disabled guests and prospective guests and would be applauded by the community of disabled travelers and their families.

The remediation of Mammoth Hospitality Management, LLC's reservations systems and reasonable modifications to relevant policies, practices, and procedures, necessary to ensure that individuals with disabilities can make reservations for accessible guest rooms through your Website reservations systems, including the identification and description of the accessible features of the hotel and guest rooms and ensuring those reservations are handled in the manner required by 28 CFR 36.302(e) and the UCRA in all respects[2], is likely to require:

---

[1] The timing of this determination is particularly relevant here because even if we were to assume *arguendo* – without any inspection to verify the accuracy of the content – that the online reservations systems at issue subsequently came to comply with 28 CFR 36.302(e), and therefore the UCRA, courts have held this will not moot this type of case. See *Brooke v. A-Ventures, LLC*, No. 2:17-cv-2868-HRH at 9. (A.Z. Nov. 22, 2017) Court accepts website "fixed" in action based on alleged violations of 28 CFR 36.302(e) but finds case not moot because "all Defendant has done is change its website and adopt a new internal policy, both of which could easily be changed in the future. Defendant has not met its heavy burden of showing that it is absolutely clear that its wrongful behavior could not reasonably be expected to recur. This case is not moot.").

[2] *Doran v. 7-11*, 524 F.3d 1034 (9th Cir. 2008) (holding that "[o]nce a disabled individual has encountered or become aware of alleged ADA violations that deter his patronage of or otherwise interfere with his access to a place of public accommodation, he has already suffered an injury in fact traceable to the Defendant's conduct and capable of being redressed by the courts, and so he possesses standing under Article III).

# MANNING LAW, APC

ADAPracticeGroup@ManningLawOffice.com Office: 949.200.8755    4667 MacArthur Blvd, Ste150
               Facsimile: 866.843.8308    Newport Beach, CA 92660
                             www.ManningLawOffice.com

- Designation of one or more qualified individuals to manage accessibility of the policies, practices, or procedures related to the reservation of accessible rooms within a mutually acceptable and reasonable time period;
- Initiation of an inspection process to accurately identify, confirm the presence or absence, and describe the accessible features of the hotel and guest rooms from the perspective of persons with disabilities[3];
- Utilization of the results of the inspections of the hotel and guest rooms to develop content that accurately identifies and describes the accessible features of the hotel and guest rooms on the Website for the benefit of all disabled persons when reserving accessible rooms;
- Development and distribution of content that accurately identifies and describes the accessible features of the hotel and guest rooms to online travel agents to ensure equal accessibility to the greatest extent possible;
- Confirmation that accessible guest rooms are held for use by individuals with disabilities until all other guest rooms of that type have been rented and the accessible room requested is the only remaining room of that type;
- Reservation, upon request, of accessible guest rooms or specific types of guest rooms and ensuring that the guest rooms requested are blocked and removed from all reservations systems;
- Policies enacted to guarantee that the specific accessible guest room reserved through its reservations service is held for the reserving customer, regardless of whether a specific room is held in response to reservations made by others;
- Periodic disabled end-user testing of the Website(s) and reservations systems to ensure to the greatest extent possible that individuals with disabilities will not be excluded, denied services, segregated or otherwise treated differently from other customers who are able to enjoy full access to hotel reservations systems;
- Periodic accessibility reports to Plaintiff regarding progress in the implementation of policies, practices, and procedures as well as corrective action taken that will result in the full and equal accessibility of the reservations systems until such time as the parties agree that Defendant is operating in compliance with 28 CFR 36.302(e) and therefore the UCRA.

---

[3] If you have complete and current reports produced by a Certified Access Specialist ("CASp") this may avoid the need for some or all such inspections.

ADAPracticeGroup@ManningLawOffice.com   Office: 949.200.8755
                                         Facsimile: 866.843.8308

4667 MacArthur Blvd, Ste150
Newport Beach, CA 92660
www.ManningLawOffice.com

Our monetary demand is as follows:

      1.    <u>$4,000</u> in statutory damages under Cal. Civ. Code § 52(a) ($4,000, the minimum, for each violation for Plaintiff);

      2.    <u>$4,000</u> in deterrence damages ($4,000 for each property for Plaintiff);

      3.    <u>$17,500</u> in current and anticipated attorney's fees plus actual costs incurred which shall include fees required to effectuate all terms of the remediation;

Total: $25,500 plus actual costs incurred.

This letter is a confidential settlement communication under F.R.E. 408 and Cal. Evid. Code 1152 et seq. and cannot be used in any action before any court. The statements of either party in these settlement negotiations cannot be considered admissions nor are they binding upon the parties if no settlement is reached.

You may contact Joseph R. Manning, Jr., Michael J. Manning, Tristan P. Jankowski, or Craig G. Côté to discuss this matter by contacting the firm's ADA Practice Group at ADAPracticeGroup@ManningLawOffice.com.

We look forward to working together to improve the accessibility of travel generally, and lodging in particular, for persons with disabilities and their families.

                  Sincerely,
                  **MANNING LAW, APC**

                  Joseph R. Manning, Jr., Esq.

Attachments: Conformed Copy of Complaint, Case No.: CIV190034

COPY

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Joseph R. Manning, Jr.  SBN: 223381<br>Manning Law, APC<br>20062 SW Birch St., Suite 200, NEWPORT BEACH, CA 92660<br>TELEPHONE NO.:949-200-8755   FAX NO.:866-843-8308<br>ATTORNEY FOR *(Name):*Rosemary Garcia | **FILED**<br><br>MAR 0 4 2019<br><br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF MONO<br>BY:<br>KAY RICHMOND |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF MONO
STREET ADDRESS: 100 Thompsons Way
MAILING ADDRESS: P.O. Box 1037
CITY AND ZIP CODE: Mammoth Lakes, 93546
BRANCH NAME: South County Branch - Mammoth Lakes Courthouse

CASE NAME: Rosemary Garcia v. Mammoth Hospitality Management, LLC, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| [X] Unlimited<br>(Amount demanded exceeds $25,000) | [ ] Limited<br>(Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CV190034<br>JUDGE:<br>DEPT:  MARK MAGIT |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [X] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary  b. [X] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):* 1: ONE
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related cases. *(You may use form CM-015.)*

Date:03/01/2019
Joseph R. Manning, Jr.
(TYPE OR PRINT NAME)                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov
Westlaw Doc & Form Builder

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
 Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
 Uninsured Motorist (46) *(if the*
  *case involves an uninsured*
  *motorist claim subject to*
  *arbitration, check this item*
  *instead of Auto)*
**Other PI/PD/WD (Personal Injury/**
**Property Damage/Wrongful Death)**
**Tort**
 Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
   Wrongful Death
 Product Liability *(not asbestos or*
  *toxic/environmental)* (24)
 Medical Malpractice (45)
  Medical Malpractice–
   Physicians & Surgeons
  Other Professional Health Care
   Malpractice
 Other PI/PD/WD (23)
  Premises Liability (e.g., slip
   and fall)
  Intentional Bodily Injury/PD/WD
   (e.g., assault, vandalism)
  Intentional Infliction of
   Emotional Distress
  Negligent Infliction of
   Emotional Distress
  Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
 Business Tort/Unfair Business
  Practice (07)
 Civil Rights (e.g., discrimination,
  false arrest) *(not civil*
  *harassment)* (08)
 Defamation (e.g., slander, libel)
  (13)
 Fraud (16)
 Intellectual Property (19)
 Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
   *(not medical or legal)*
 Other Non-PI/PD/WD Tort (35)
**Employment**
 Wrongful Termination (36)
 Other Employment (15)

**Contract**
 Breach of Contract/Warranty (06)
  Breach of Rental/Lease
   Contract *(not unlawful detainer*
   *or wrongful eviction)*
  Contract/Warranty Breach–Seller
   Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
   Warranty
  Other Breach of Contract/Warranty
 Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
   Case
 Insurance Coverage *(not provisionally*
  *complex)* (18)
  Auto Subrogation
  Other Coverage
 Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
 Eminent Domain/Inverse
  Condemnation (14)
 Wrongful Eviction (33)
 Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent*
   *domain, landlord/tenant, or*
   *foreclosure)*
**Unlawful Detainer**
 Commercial (31)
 Residential (32)
 Drugs (38) *(if the case involves illegal*
  *drugs, check this item; otherwise,*
  *report as Commercial or Residential)*
**Judicial Review**
 Asset Forfeiture (05)
 Petition Re: Arbitration Award (11)
 Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
   Case Matter
  Writ–Other Limited Court Case
   Review
 Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
   Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.**
**Rules of Court Rules 3.400–3.403)**
 Antitrust/Trade Regulation (03)
 Construction Defect (10)
 Claims Involving Mass Tort (40)
 Securities Litigation (28)
 Environmental/Toxic Tort (30)
 Insurance Coverage Claims
  *(arising from provisionally complex*
  *case type listed above)* (41)
**Enforcement of Judgment**
 Enforcement of Judgment (20)
  Abstract of Judgment (Out of
   County)
  Confession of Judgment *(non-*
   *domestic relations)*
  Sister State Judgment
  Administrative Agency Award
   *(not unpaid taxes)*
  Petition/Certification of Entry of
   Judgment on Unpaid Taxes
  Other Enforcement of Judgment
   Case
**Miscellaneous Civil Complaint**
 RICO (27)
 Other Complaint *(not specified*
  *above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-*
   *harassment)*
  Mechanics Lien
  Other Commercial Complaint
   Case *(non-tort/non-complex)*
  Other Civil Complaint
   *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
 Partnership and Corporate
  Governance (21)
 Other Petition *(not specified*
  *above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
   Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
   Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

THE SUPERIOR COURT OF THE STATE OF CALIFORNIA **FILED**

IN AND FOR THE COUNTY OF MONO

MAR 4 2019

SUPERIOR COURT OF CALIFORNIA
COUNTY OF MONO
BY:

| | |
|---|---|
| ROSEMARY GARCIA | |
| Plaintiff | CASE NO. CV190034 |
| vs. | **NOTICE OF CASE MANAGEMENT CONFERENCE AND ORDER** |
| MAMMOTH HOSPITALITY MANAGEMENT, LLC | |
| Defendant | **Judge Assigned for All Purposes:** MARK MAGIT |

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**
Notice is hereby that a Case Management Conference has been scheduled as follows:

Date: **08/22/19**      Time: **9:30**      Location: **MAMMOTH LAKES**

### ORDERS

1. **You must:**
   a. Serve all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (CRC 3.110); (unless served herewith by the court).
   b. Give notice of this conference to any party not included in this notice and file proof of service;
   c. Meet and confer, in person or by telephone, to consider each of the issues identified in CRC 3.724, no later than 30 calendar days before the date set for the Case Management Conference;
   d. File and serve a completed Case Management Conference Statement (use of Judicial Council Form CM-110 is <u>mandatory</u>) at least **15** days before the Case Management Conference (CRC 3.725).

2. If you do not follow the orders above, you are hereby ordered to show cause why you should not be sanctioned under CRC 230. The hearing on the Order to Show Cause re: Sanctions will be set by the clerk's office if proof of service is not filed within 60 days of filing the complaint or at the same time as the Case Management Conference if the clerk's office fails to set the Order to Show Cause Hearing. Sanctions may include monetary sanctions and any other sanction permitted by law, including striking pleadings or dismissing the action.

3. You are further ordered to appear in person* (or through your attorney of record) at the Case Management Conference noticed above. You must be thoroughly familiar with the case and fully authorized to proceed.

4. The Case Management Judge will issue orders at the conclusion of the conference that should include:
   a. Referring to ADR and setting an ADR completion date
   b. Dismissing or severing claims or parties
   c. Setting a trial date

5. The Case Management Judge will be the trial judge in this case, unless changed by further order of the court.

*Telephonic appearances at Case Management Conferences are available pursuant to Rule 3.670 of the California Rules Court. However, telephone appearances will not be allowed unless all requirements in Section 1. above have been met. accompanying NOTICE REGARDING TELEPHONE APPEARANCES for more information.

## NOTICE OF CASE MANAGEMENT CONFERENCE AND ORDER

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this c
I served this Notice of Case Management Conference by placing copies in envelopes addressed as shown belo'
then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on th'
stated below, in the United States mail at Mono County, California, following standard court practices.


JOSEPH R. MANNING
20062 S.W. BIRCH ST, STE 200
NEWPORT BEACH CA 92660


Executed on: 03/07/19

_____
HOLLY KENNEY, Deputy Clerk

# NOTICE REGARDING TELEPHONIC APPEARANCES

Pursuant to Rule 3.670 of the California Rules of Court (CRC), the following information is provided to explain how parties can appear by telephone in civil cases as defined in CRC 1.6, unlawful detainers and probate proceedings. "Parties" are any persons "appearing in an action." See CRC 1.6(15) for a detailed explanation of who are "parties."

1. A party may appear by telephone for all case conferences, hearings and other proceedings as set forth in section (c) of CRC 3.670 unless a personal appearance is required by law pursuant to CRC 3.670 (c) or by the discretion of the court pursuant to CRC 3.670 (f) or (g).

2. To appear by telephone, a party must provide proper notice to the court and to all other parties at least two (2) days before the appearance as set forth in CRC 3.670(h).

3. The court has designated the following private vendor to coordinate and provide telephonic appearances:

> COURTCALL, LLC
> 6383 Arizona Circle
> Los Angeles, CA 90045
> (888) 882-6878
> (888) 88-COURT

4. CourtCall, LLC, shall charge parties its usual and customary fees for coordinating and providing telephonic appearances.

5. For questions regarding telephonic appearances, please call the Mono County Superior Court at 760.924.5444 or email at mono.civil@monocourt.org.

# EXCERPT OF LOCAL RULES AND NOTICE

## CHAPTER 6

### COURT REPORTERS

**RULE 6.1**　　The court shall provide a court reporter in all matters statutorily required (felony criminal proceedings, juvenile proceedings, etc.). For Law and Motion calendars, the court may provide a court reporter if the court has sufficient funding. On or before August 31 of each year, the court will make a determination if the court has sufficient funding. The court will publicize that determination in accordance with California Rule of Court 2.956.

*(Effective July 1, 2001; amended effective date of July 1, 2017)*

**RULE 6.2**　　In accordance with Gov. Code §68086 and California Rule of Court Rule 2.956, when a
party requests a court reporter and the reporter is not required by the foregoing rule or by statute to report the court proceeding, such party shall provide and pay for a certified court reporter approved by the court.

*(Effective July 1, 2001; amended effective date of July 1, 2017)*

**RULE 6.3**　　All civil proceedings where the court provides a reporter, including family law proceedings of less than one hour in duration will be reported without cost to any party. A fee for reporting services will be charged for all matters lasting more than one hour.

*(Effective July 1, 2001)*

**RULE 6.4**　　Any party requesting a transcript in any civil proceeding, including family law proceedings, shall order from and pay for such transcript directly with the court reporter.

*(Effective July 1, 2001)*

# NOTICE REGARDING TELEPHONIC APPEARANCES

Pursuant to Rule 3.670 of the California Rules of Court (CRC), the following information is provided to explain how parties can appear by telephone in civil cases as defined in CRC 1.6, unlawful detainers and probate proceedings. "Parties" are any persons "appearing in an action." See CRC 1.6(15) for a detailed explanation of who are "parties."

1. A party may appear by telephone for all case conferences, hearings and other proceedings as set forth in section (c) of CRC 3.670 unless a personal appearance is required by law pursuant to CRC 3.670 (c) or by the discretion of the court pursuant to CRC 3.670 (f) or (g).

2. To appear by telephone, a party must provide proper notice to the court and to all other parties at least two (2) days before the appearance as set forth in CRC 3.670(h).

3. The court has designated the following private vendor to coordinate and provide telephonic appearances:

    COURTCALL, LLC
    6383 Arizona Circle
    Los Angeles, CA 90045
    (888) 882-6878
    (888) 88-COURT

4. CourtCall, LLC, shall charge parties its usual and customary fees for coordinating and providing telephonic appearances.

5. For questions regarding telephonic appearances, please call the Mono County Superior Court at 760.924.5444 or email at mono.civil@monocourt.org.

# EXCERPT OF LOCAL RULES AND NOTICE

## CHAPTER 6

### COURT REPORTERS

**RULE 6.1**     The court shall provide a court reporter in all matters statutorily required (felony criminal proceedings, juvenile proceedings, etc.). For Law and Motion calendars, the court may provide a court reporter if the court has sufficient funding. On or before August 31 of each year, the court will make a determination if the court has sufficient funding. The court will publicize that determination in accordance with California Rule of Court 2.956.
*(Effective July 1, 2001; amended effective date of July 1, 2017)*


**RULE 6.2**     In accordance with Gov. Code §68086 and California Rule of Court Rule 2.956, when a
party requests a court reporter and the reporter is not required by the foregoing rule or by statute to report the court proceeding, such party shall provide and pay for a certified court reporter approved by the court.
*(Effective July 1, 2001; amended effective date of July 1, 2017)*


**RULE 6.3**     All civil proceedings where the court provides a reporter, including family law proceedings of less than one hour in duration will be reported without cost to any party. A fee for reporting services will be charged for all matters lasting more than one hour.
*(Effective July 1, 2001)*


**RULE 6.4**     Any party requesting a transcript in any civil proceeding, including family law proceedings, shall order from and pay for such transcript directly with the court reporter.
*(Effective July 1, 2001)*

THE SUPERIOR COURT OF THE STATE OF CALIFORNIA **FILED**

IN AND FOR THE COUNTY OF MONO

MAR -4 2019

ROSEMARY GARCIA,

Plaintiff(s),

vs.

MAMMOTH HOSPITALITY MANAGEMENT LLC,

Defendant(s).

CASE NO. CV190038 SUPERIOR COURT OF CALIFORNIA
COUNTY OF MONO
BY: _____

NOTICE OF FILING COMPLAINT

To Counsel for Plaintiff,

You are hereby notified that the complaint in the above-entitled case was filed on 03/04/19. The defendant in this matter must be served and proof of service must be on file with the court within 60 days from the date the complaint was filed unless an extension is procured from the court. Enclosed herewith is this court's Alternative Dispute Resolution Information Package as required by law commencing July 1, 2001.

HECTOR GONZALEZ, JR., Clerk

Dated: 03/07/19                          by _____

PROOF OF SERVICE

I served the foregoing document, on the date and at the place stated below, by depositing a copy thereof, enclosed in a sealed envelope(s), first class postage prepaid, in the United States mail, addressed to each party or his/her attorney as follows:

JOSEPH R. MANNING
20062 S.W. BIRCH ST, STE 200
NEWPORT BEACH CA 92660

At the time of service, I was at least 18 years of age, a United States citizen employed by the Mono Superior Court, and not a party to the action. My business address is: P.O. Box 1037, Mammoth Lakes, CA 93546

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on 03/07/19, at Mammoth Lakes, California.

HOLLY KENNEY, Deputy Clerk

Form: NFC 10/31/14

COPY

Joseph R. Manning, Jr., Esq. (State Bar No. 223381)
Michael J. Manning, Esq. (State Bar No. 286879)
Tristan P. Jankowski, Esq. (State Bar No. 290301)
Craig G. Côté, Esq. (State Bar No. 132885)
Osman M. Taher, Esq. (State Bar No. 272441)
**MANNING LAW, APC**
20062 SW Birch Street, Ste. 200
Newport Beach, CA 92660
Office: (949) 200-8755
Fax: (866) 843-8308
ADAPracticeGroup@manninglawoffice.com

Attorneys for Plaintiff

**FILED**

MAR 0 4 2019

SUPERIOR COURT OF CALIFORNIA
COUNTY OF MONO
BY ~~KAY RICHMOND~~

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## IN AND FOR THE COUNTY OF MONO

ROSEMARY GARCIA, an individual;

    Plaintiff,

vs.

MAMMOTH HOSPITALITY
MANAGEMENT, LLC, a Delaware
limited liability company; and DOES 1 to
50, inclusive,

    Defendants.

Case No.: CV190034

**COMPLAINT**

Plaintiff ROSEMARY GARCIA, an individual, ("Plaintiff"), brings this action against MAMMOTH HOSPITALITY MANAGEMENT, LLC, a Delaware limited liability company ("Defendant"), and DOES 1 to 50:

## INTRODUCTION

1.    Plaintiff is mobility impaired and requires information about the accessibility of hotels and hotel rooms to make reservations. Defendant maintains its reservations service, including but not limited to that offered to the public on its website (hereinafter the "Website" which shall

refer to www.junipersspringsmammoth.com and any other website operated by, controlled by, or acting at the direction of Defendant directly, or through contractual, licensing, or other arrangements, for the purposes described herein), in such a way that it contains access barriers preventing Plaintiff, and other mobility-impaired individuals, from gaining full and equal access to the reservations service offered by Defendant. Defendant's denial of full and equal access to its reservations service, and therefore its products and services offered thereby, is a violation of the rights of Plaintiff under the California Unruh Civil Rights Act, California Civil Code § 51 *et seq.*, ("Unruh Act").

2.     The California Legislature provided a clear and statewide mandate for the elimination of discrimination against individuals with disabilities when it enacted the Unruh Civil Rights Act, Cal. Civ. Code § 51, *et seq.* Discrimination sought to be eliminated by the Unruh Civil Rights Act ("UCRA") includes barriers to full integration, independent living and equal opportunity for individuals with disabilities, which then necessarily includes barriers created by websites and other places of public accommodation that are inaccessible.

3.     Each of Defendant's violations of Title III of Americans With Disabilities Act, 42 U.S.C. §§ 12181, et seq., 28 CFR § 36.302(e)(1) et seq. ("ADA") is likewise a violation of the Unruh Act. Indeed, the Unruh Act provides that any violation of the ADA constitutes a violation of the Unruh Act. Cal. Civ. Code § 51(f) (the ADA and UCRA are referred to herein collectively as "Disability Access Laws").

4.     For more than 28 years, the ADA and the Unruh Act have required that individuals with disabilities be provided full and equal access to the goods, services and facilities provided by hotel owners and operators.

5.     However, the hospitality industry has been slow to respond, or has failed to respond, to the needs of disabled travelers. *See e.g.* Consent Decree in *United States of America v. Hilton Worldwide Inc., No. 10 1924* (entered November 29, 2010)(Resolving Complaint by the United States alleging in part that Hilton systemically, and across its various brands, "fails to provide individuals with disabilities the same opportunity to reserve accessible guestrooms using its on-line ... reservations systems" and "failed to provide accurate, reliable information about its accessible

MANNING LAW, APC
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660

sleeping rooms and amenities throughout its reservations system" and that "individuals with disabilities are unable to reserve, on-line, accessible sleeping accommodations with either a tub or a roll-in shower"); Settlement Agreement *United States of America and Motel 6 Operating L.P., DJ# 202-73-5*(entered August 12, 2004 and extended January 19, 2006)(Resolving allegations the Motel 6 online reservation system was inadequate and securing in part the agreement of Motel 6 that it would, for its internet reservation systems, "provide service to individuals who request accessible rooms that is equivalent to that provided to individuals who seek to reserve standard rooms.").

6. Eventually, in response to many complaints received by the Department of Justice, Civil Rights Division ("DOJ"), typically by individuals who reserved an accessible hotel room only to discover upon arrival that the room they reserved is not accessible, the DOJ took action, issuing its Notice of Proposed Rulemaking, 73 FR 34508 (June 17, 2008)("NPRM").

7. After a notice and comment period, with input primarily from individuals with disabilities, hotels, resort developers, travel agencies and organizations commenting on their behalf, the DOJ published Section 36.302(e) with detailed requirements for hotel reservations services. In short, the DOJ required that hotels must make reasonable modifications to reservations policies, practices, or procedures when necessary to ensure that individuals with disabilities can make reservations for accessible guest rooms during *the same hours and in the same manner* as individuals who do not need accessible rooms and that they must identify and describe *accessible features in the hotels and guest rooms* offered through its reservations service *in enough detail* to reasonably permit individuals with disabilities to *assess independently whether a given hotel or guest room* meets *his or her accessibility needs.* 28 CFR § 36.302(e)(1)(i)-(ii)(*emphasis added*).

8. The Final Rule on Nondiscrimination on the Basis of Disability by Public Accommodations, including the hotel reservations requirements above, was published on September 15, 2010 in the Federal Register. While the Final Rule generally took immediate effect, the hotel reservations component did not. The DOJ observed: "As with hotels, the Department believes that within the 18-month transition period these reservations services should be able to modify their systems to ensure that potential guests with disabilities who need accessible rooms can make reservations during the same hours and in the same manner as those who do not need accessible

MANNING LAW, APC
4667 MacArthur Blvd., Ste. 150
NEWPORT BEACH, CA 92660

rooms." Accordingly, to accommodate the needs of industry, the hotel reservations requirements of 28 CFR § 36.302(e)(1) did not become effective until after an 18-month transition period, or until March 15, 2012. 28 CFR § 36.302(e)(3).

9.      The ADA's hotel reservations requirements were six years old on March 15, 2018. Yet, the problem the DOJ sought to address through its reservations regulations is as bad as ever. So bad, that in 2017 the private start-up company AbiliTrek launched. AbiliTrek describes its mission as follows:

> "AbiliTrek, like many other companies, began as an innovative idea; AbiliTrek is geared toward bettering the travel experience for people with disabilities. **Currently, the travel industry lacks the information needed for travelers with disabilities. This makes traveling a daunting and exhausting task for many in the disability community.** AbiliTrek was created as a fundamental resource for any traveler with a disability. **AbiliTrek's goal is to counteract the current state of the travel industry** and make traveling with a disability a fulfilling experience" AbiliTrek Updates posted December 31, 2017. https://abilitrek.com/wrapping-up-2017-our-end-of-year-review-package/. (Emphasis added).

10.      Defendant is part of the problem addressed by the hotel reservations provisions of the ADA and private firms like AbiliTrek.

11.      As a result of Defendant's violations of law, and to correct them, Plaintiff seeks statutory damages where available, declaratory relief and injunctive relief establishing that Defendant has engaged in violations of the ADA and the Unruh Act and requiring Defendant to comply with the Unruh Act by providing individuals with disabilities the ability to independently make reservations for accessible guest rooms in the same manner as individuals who do not need accessible rooms including the identification and description of the accessible features in the Defendant's hotel and the guest rooms offered through Defendant's service sufficient to ensure that individuals with disabilities receive the information they need to benefit from the services offered by Defendant.

## JURISDICTION AND VENUE

12.      This Court has subject matter jurisdiction over this action. This Court has personal jurisdiction over Defendant because it conducted and continues to conduct substantial business and Plaintiff's claims arose in the State of California and Defendant's offending website is available

MANNING LAW, APC
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660

throughout California. The access barriers described in this Complaint were experienced by Plaintiff on her computer when she attempted to conduct a business transaction with Defendant and was then denied equal access to the reservations service offered through Defendant's Website.

13.    Venue is proper in this Court because Defendant conducts substantial business in this County. Venue is also proper because a substantial portion of the conduct complained of herein occurred in this District.

### PARTIES

14.    Plaintiff ROSEMARY GARCIA is a Santa Clara County, California resident. Plaintiff is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, ambulating, sitting, and grasping objects.   As a result of these disabilities, when needed Plaintiff relies upon mobility devices to ambulate.  Prior to instituting this action, Plaintiff suffered from a "qualified disability" under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12102(2) and the regulations implementing the ADA set forth at 28 C.F.R. §§ 36.101 et seq..

15.    As a result of Plaintiff's disability she requires an accessible room to utilize the goods, services and facilities provided by Defendant.

16.    Plaintiff is a tester in this litigation and a consumer who wishes to access Defendant's good and services.  Plaintiff is being deterred from patronizing the Defendant's hotel on particular occasions, but intends to return to the Website for the dual purpose of availing herself of the goods and services offered to the public and to ensure that Defendant ceases evading its responsibilities under federal and state law.

17.    Plaintiff is informed and believes, and upon such information and belief alleges, that Defendant is a Delaware limited liability company with its Juniper Springs Resort (the "Subject Property" and/or the "Hotel") located in Mammoth Lakes, California.  Defendant's hotel location constitutes a place of public accommodation.  Defendant's location provides to the public important goods and/or services.  Defendant also provides to the public the Website.  The Website provides access to the array of services, including descriptions of its hotel, rooms and services, the ability to make room reservations, and many other benefits related to these facilities and services.  The hotel

MANNING LAW, APC
4667 MacArthur Blvd., Ste. 150
Newport Beach, CA 92660

location is a public accommodation within the definition of Title III of the ADA, 42 U.S.C. § 12181(7) and is likewise a "business establishment" within the meaning of the Unruh Act. The Website is a service, privilege, and advantage of Defendant's hotel locations and services. The Website is a service that is by and integrated with this location.

## FACTUAL ALLEGATIONS

18. As part of its operations, Defendant provides the public access to reservations services, including but not limited to the ability to make reservations online at the Website.

19. Within the applicable limitations period, on or about February 12, 2019, Plaintiff visited the Website, to view the accessible features in the hotel and guest rooms of the Defendant's hotel.

20. Plaintiff desired to visit a hotel in the Mono County area, which she planned to visit on March 8, 2019 through March 9, 2019. As a result of her disabilities, Plaintiff required information about the features of the accessible rooms and the hotel to independently make a reservation. The information required by Plaintiff was unavailable so Plaintiff could not make a reservation for an accessible room or suite using the Website in the same manner as individuals who do not need accessible rooms.

21. Plaintiff was unable to independently identify the material accessible features of the hotel and guest rooms of the Subject Property owned and operated by Defendant. The description of the accessible rooms and features of the Subject Property is substantially limited to the following vague, ambiguous, cursory and inadequate (for Plaintiff's purposes) information:

    a. On the homepage of www.juniperspringsmammoth.com, there is a general description of the Hotel's location and features. There is a statement that reads: "Please call to discuss specific ADA room availability"; Accessible rooms cannot be ideenitfied or reserved in the same manner as other rooms.

    b. There is a link labeled "Accommodations" which offers photos, a description, and a "Book Now" link for each of the Hotel's six room options; however, none of the information provided relates to accessibility as required by Disability Access Laws.

    c. There is a link labeled "Information" which offers information regarding amenities,

MANNING LAW, APC
4667 MacArthur Blvd., Ste. 150
NEWPORT BEACH, CA 92660

the Hotel, and the property; however, none of the information provided relates to accessibility as required by Disability Access Laws.

    d.   Remaining links from the homepage do not contain information regarding accessibility as required by Disability Access Laws.

    e.   When attempting to make a reservation, Plaintiff was unable to book a room because she was unable to find any information or room option pertaining to accessibility as required by Disability Access Laws.

    f.   The Website, including the reservations aspect, does not indicate with any degree of detail whether the Subject Property offers accessible features, including but not limited to parking and/or accessible pathways to the accessible entrance(s), or accessible pathways to resort amenities.

    g.   The Website does not permit reservation of accessible rooms in the same manner as other rooms including the identification of accessible features of rooms and of the Subject Property in enough detail to reasonably permit Plaintiff to assess independently whether a given hotel or guest room meets their accessibility needs.

22.    An investigation performed on Plaintiff's behalf confirmed the allegations made by Plaintiff above.

23.    On information and belief, Plaintiff also alleges Defendant currently has no policy to ensure that:

    a.   Accessible guest rooms are held for use by individuals with disabilities until all other guest rooms of that type have been rented and the accessible room requested is the only remaining room of that type;

    b.   Accessible guest rooms or specific types of guest rooms may be reserved on request and ensuring that the guest rooms requested are blocked and removed from all reservations systems;

    c.   The specific accessible guest room reserved through its reservations service is held for the reserving customer, regardless of whether a specific room is held in response to reservations made by others; and

MANNING LAW, APC
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660

d.  The Subject Property provides the statutorily required minimum number of accessible rooms and accessible room types and that the accessible rooms available, if any, are distributed among the types of rooms available at the Subject Property so as to provide equal access to the Subject Property by persons with disabilities.

24.  Plaintiff has been, and in the absence of an injunction will continue to be, injured by Defendant's policy and practice of failing to make reasonable modifications to its reservations policies practices and procedures applicable to its reservations service offered online on the Website so as to allow individuals with disabilities the ability to make reservations for accessible guest rooms in the same manner as individuals who do not need accessible rooms including the identification and description of the accessible features in the Defendant's hotel and the guest rooms sufficient to ensure that individuals with disabilities receive the information they need to benefit from the services offered by Defendant.

25.  Given the obvious and blatant violation alleged hereinabove, Plaintiff alleges, on information and belief, that there are other violations of 28 CFR § 36.302(e), the ADA and the Unruh Act, that relate to Plaintiff's disabilities.  Plaintiff will amend the complaint, to provide proper notice regarding the scope of this lawsuit, after discovery.  However, Defendant is hereby on notice that Plaintiff seeks to have all barriers related to their disabilities remedied.  See *Doran v. 7-11,* 524 F.3d 1034 (9th Cir. 2008).

## FIRST CAUSE OF ACTION

## VIOLATION OF THE UNRUH CIVIL RIGHTS ACT, CALIFORNIA CIVIL CODE § 51 *et seq.* (Injunctive Relief and Damages on Behalf of Plaintiff)

### (By Plaintiff Against All Defendants)

26.  Plaintiff re-alleges and incorporates by reference all paragraphs alleged above and each and every other paragraph in this Complaint necessary or helpful to state this cause of action as though fully set forth herein.

27.  California Civil Code § 51 *et seq.* guarantees equal access for people with disabilities to the accommodations, advantages, facilities, privileges, and services of all business establishments of any kind whatsoever.  Defendant is systematically violating the UCRA, Civil Code § 51 *et seq.*

MANNING LAW, APC
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660

28.     The Unruh Act guarantees, inter alia, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever within the jurisdiction of the state of California. Cal. Civ. Code § 51(b).

29.     Defendant through the Subject Property provides lodging to the general public in California is a business establishment within the jurisdiction of the state of California, and as such is obligated to comply with the provisions of the Unruh Act, California Civil Code §§ 51, et seq.

30.     The Unruh Act provides, inter alia, that a violation of the ADA, 42 U.S.C. §§ 12101, et seq., also constitutes a violation of the Unruh Act. Cal. Civ. Code § 51(f).

31.     Defendant's discriminatory conduct alleged herein includes, inter alia, the violation of the rights of persons with disabilities set forth in Title III of the ADA and therefore also violates the Unruh Act. Cal. Civ. Code § 51(f).

32.     The actions of Defendant were and are in violation of the Unruh Act, California Civil Code §§ 51, et seq. Plaintiff is aware of Defendant's unlawful actions, and this knowledge of discrimination has deterred Plaintiff from attempting to access and use Defendant's reservations service and hotel on several occasions. Therefore, Plaintiff is entitled to injunctive relief remedying the discrimination pursuant to California Civil Code § 52. Unless the Court enjoins Defendant from continuing to engage in these unlawful practices, Plaintiff will continue to suffer irreparable harm.

33.     Plaintiff is also entitled to statutory minimum damages pursuant to California Civil Code § 52 for each and every offense in violation of the Unruh Act. Cal. Civ. Code § 52(a), and so Plaintiff requests relief as set forth below.

## SECOND CAUSE OF ACTION

### (Declaratory Relief on Behalf of Plaintiff)

34.     Plaintiff re-alleges and incorporates by reference all paragraphs alleged above and each and every other paragraph in this Complaint necessary or helpful to state this cause of action as though fully set forth herein.

35.     An actual controversy has arisen and now exists between the parties in that Plaintiff contends, and is informed and believes that Defendant denies, that by failing to provide a

MANNING LAW, APC
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660

reservations service through the Website that allows persons with mobility impairments to independently identify accessible features of Defendant's hotel and rooms and to independently reserve accessible rooms in the hotel Defendant fails to comply with applicable laws, including but not limited to Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12101, et seq. and California's Unruh Act, California Civil Code §§ 51-52.

36.     An actual controversy has arisen and now exists between the parties in that Plaintiff contends, and is informed and believes that Defendant denies, that by failing to comply in all respects with 28 CFR § 36.302(e)(1) et seq. Defendant fails to comply with applicable laws, including but not limited to Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12101, et seq. and California's Unruh Act, California Civil Code §§ 51-52.

37.     A judicial declaration is necessary and appropriate at this time in order that each of the parties may know their respective rights and duties and act accordingly and so Plaintiff requests relief as set forth below.

## PRAYER

**WHEREFORE, Plaintiff prays for judgment against Defendant, as follows:**

1.     A preliminary and permanent injunction enjoining Defendant from further violations of the Unruh Act, Civil Code § 51 *et seq.* requiring Defendant to take the steps necessary to ensure that Defendant's maintain and implement policies and procedures:

      a.   Allow persons with mobility impairments to independently identify accessible features of Defendant's hotel;

      b.   Allow persons with mobility impairments to independently reserve accessible rooms in the hotel;

      c.   Hold reserved accessible rooms for use by persons with mobility impairments;

      d.   Block and remove reserved accessible rooms from all reservations systems;

      e.   Guarantee that the specific accessible guest room reserved is held for that reserving customer, regardless of whether a specific room is held in response to reservations made by others; and

      f.   Guarantee the Subject Property includes at least the minimum statutorily

MANNING LAW, APC
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660

required number of accessible rooms and accessible room types and that those rooms are distributed throughout the Subject Property in compliance with applicable laws.

g.  If any of the preceding conditions are not implemented within 120 days of service of the Summons and Complaint, Defendant shall cease accepting any and all reservations via the Website that are processed in an unlawful and discriminatory manner, including those that violate 28 CFR § 36.302 (e), until Defendant can show that its reservations service has been brought into compliance with applicable laws.

**Note: Plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disable Persons Act;**

2.  A declaration that since March 15, 2012, Defendant discriminated against persons with mobility impairments by failing to ensure that Defendant's reservations service offered through the Website allowed persons with mobility impairments to independently identify accessible features of Defendant's hotel and rooms and independently reserve accessible rooms in the hotel, and that Defendant did not comply with the requirements of 28 CFR § 36.302(e)(1) et seq. in violation of Title III of the ADA, 42 U.S.C. §§ 12181, et seq., 28 CFR § 36.302(e)(1) et seq., and California's Unruh Act, California Civil Code §§ 51-52.;

3.  Statutory damages pursuant to California Civil Code § 52(a), for each and every violation of law.

4.  For attorneys' fees and expenses pursuant to all applicable laws including, without limitation, Civil Code § 52(a);

5.  An order awarding Plaintiff's post-judgment interest; and

6.  For such other and further relief as this Court deems just and proper.

MANNING LAW, APC
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660

## DEMAND FOR JURY TRIAL

Plaintiff hereby respectfully requests a trial by jury on all appropriate issues raised in this Complaint.

Dated: March 1, 2019

MANNING LAW, APC

By: _____
Joseph R. Manning Jr., Esq.
Michael J. Manning, Esq.
Tristan P. Jankowski, Esq.
Craig G. Côté, Esq.
Osman M. Taher, Esq.
Attorneys for Plaintiff

MANNING LAW, APC
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660

Joseph R. Manning, Jr., Esq. (State Bar No. 223381)
Michael J. Manning, Esq. (State Bar No. 286879)
Tristan P. Jankowski, Esq. (State Bar No. 290301)
Craig G. Côté, Esq. (State Bar No. 132885)
Osman M. Taher, Esq. (State Bar No. 272441)
**MANNING LAW, APC**
20062 SW Birch St., Ste 200
Newport Beach, CA 92660
Office: (949) 200-8755
Fax: (866) 843-8308
ADAPracticeGroup@manninglawoffice.com

Attorneys for Plaintiff

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF MONO

| | |
|---|---|
| ROSEMARY GARCIA, an individual;<br><br>     Plaintiff,<br><br>vs.<br><br>MAMMOTH HOSPITALITY MANAGEMENT, LLC, a Delaware limited liability company; and DOES 1 to 50, inclusive,<br><br>     Defendants. | Case No.: CIV190034<br><br>**NOTICE OF INSPECTION OF REAL PROPERTY**<br><br>**[CRC 3.1200, et seq.; CCP 1005(b)]** |

PROPOUNDING PARTY: PLAINTIFF, ROSEMARY GARCIA

RESPONDING PARTY: DEFENDANT, MAMMOTH HOSPITALITY MANAGEMENT,

LLC, a Delaware limited liability company

SET NUMBER: ONE To: All Parties and Their Attorneys of Record:

PLEASE TAKE NOTICE THAT, pursuant to California Code of Civil Procedure Sections

---

NOTICE OF INSPECTION OF REAL PROPERTY

1

2031.010, et seq., Plaintiff ROSEMARY GARCIA ("Plaintiff"), and his attorneys and expert(s) will conduct an inspection of the real property placed at issue by the operative Complaint in this action as a Public Place of Accommodation. This inspection shall extend to all areas of the real property that constitute a Public Place of Accommodation. Plaintiff reserves the right to inspect areas of the property open to the public at any time such areas are open to the public and without further notice. *Doran v. 7-11*, 524 F.3d 1034 (9th Cir. 2008). As to those areas of the real property that constitute a Public Place of Accommodation, which are not readily accessible (e.g., rooms designated as accessible by Defendant), Plaintiff, by and through undersigned counsel hereby requests the Defendant permit entry upon land on July 18, 2019, at 11:00 a.m., to inspect.

Dated: March 18, 2019       **MANNING LAW, APC**

By: _____
      Joseph R. Manning Jr., Esq.
      Michael J. Manning, Esq.
      Tristan P. Jankowski, Esq.
      Craig G. Côté, Esq.
      Osman M. Taher, Esq.
      Attorneys for Plaintiff

MANNING LAW, APC
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660