Joseph R. Manning, Jr., Esq. (State Bar No. 223381)
Michael J. Manning, Esq. (State Bar No. 286879)
Craig G. Côté, Esq. (State Bar No. 132885)
**MANNING LAW, APC**
20062 S.W. Birch St., Suite 200
Newport Beach, CA 92660
Office: (949) 200-8755
Fax: (866) 843-8308
DisabilityRights@manninglawoffice.com

Attorneys for Plaintiff ROSEMARY GARCIA

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSEMARY GARCIA, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MAMMOTH HOSPITALITY MANAGEMENT, LLC, a Delaware limited liability company; and DOES 1-50, inclusive,<br><br>Defendants. | Case No.: 2:19-cv-00668-WBS-EFB<br><br>Hon. William B. Shubb<br><br>**OBJECTION TO CONSOLIDATION**<br><br>[Concurrently filed with Motion to Remand]<br><br>Complaint filed: March 4, 2019<br>Removed: April 19, 2019 |

Plaintiff hereby submits this objection to consolidation in response to the Court's Order issued August 5, 2019 in which Plaintiff was ordered to notify the Court of whether she objects to the consolidation of the instant case with *Garcia v. Alterra Mountain Company U.S. Inc.* (2:19-cv-00666-MCE-CKD). The instant case does not involve a common question of law or fact and should not be consolidated.

**I.    INTRODUCTION**

1

Plaintiff Rosemary Garcia ("Plaintiff") is mobility impaired and requires information about the accessibility of hotels and hotel rooms to make reservations. Defendant maintains its reservations service, including but not limited to that offered to the public on its website www.juniperspringsmammoth.com ("Website"). Defendant Mammoth Hospitality Management, LLC owns and/or operates the Website.

On the other hand, the case *Garcia v. Alterra Mountain Company U.S. Inc.* concerns barriers experienced by Plaintiff while attempting to use a reservations system on an entirely different website, www.thevillagelodgemammoth.com, which is owned and/or operated by Alterra Mountain Company U.S. Inc., an entirely different defendant.

Apart from the Plaintiff, these two cases do not share any common operative facts or issues.

## II. ARGUMENT

### A. <u>Applicable Law</u>

Rule 42 (a) of the Federal Rules of Civil Procedure provides that: "When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay." Fed.R.Civ.P. 42(a). The purpose of Rule 42(a) "is to give the court broad discretion to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties." Wright & A. Miller, Federal Practice and Procedure, § 2381 (1971).

### B. <u>There is no common question of law or fact between the two cases, costs and delay will not be avoided and may be increased, and justice will not be provided to the parties</u>

The only thing the two cases proposed for consolidation have in common is the Plaintiff. The cases concern Plaintiff's experiences with reservations systems on

two different websites that are owned and/or operated by two different entities that are attached to two different public places of accommodation.

If these cases were to be consolidated, time and expense would simply be doubled. Plaintiff would still have to conduct discovery and utilize experts for two separate websites. At trial, Plaintiff would still have to prepare twice the amount of briefing and evidence.

Finally, consolidating these two cases with two different defendants would require a level of coordination that would not otherwise be required. Especially in terms of settlement and early resolution, a consolidated case with two separate defendants would require Plaintiff to attempt to negotiate a global settlement, potentially unnecessarily extending litigation if one defendant cannot agree with the other. In this manner, justice will not be provided by consolidation and, in fact, injustice may result.

### C. Defendant seeks to cause needless cost and delay in its removal and consolidation actions

Plaintiff properly filed the instant case in California Superior Court because she is asserting a California state claim under the Unruh Civil Rights Act ("Unruh Act"). Counsel for Defendant filed a baseless Notice of Removal ignoring 9th Circuit precedent exactly on point and despite having been subject to remand on that basis in the past. *See* Plaintiff's Motion to Remand. Defendant's efforts to consolidate the instant action, like its removal, serve only to impose additional cost and delay upon Plaintiff to ultimately deny her the ability to assert her civil rights.

//
//
//

### III. CONCLUSION

Due to the lack of common issues of law or fact, the presence of completely different websites and defendants, and the doubled and counterproductive workload that will result, the two proposed cases should not be consolidated.

Dated: August 19, 2019 **MANNING LAW, APC**

By: */s/ Joseph R. Manning Jr., Esq.*
Joseph R. Manning Jr., Esq.
Attorneys for Plaintiff