SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
GREGORY F. HURLEY, Cal. Bar No. 126791
ghurley@sheppardmullin.com
BRADLEY J. LEIMKUHLER, Bar No. 261024
bleimkuhler@sheppardmullin.com
650 Town Center Drive, 10th Floor
Costa Mesa, California 92626-1993
Telephone: 714.513.5100
Facsimile: 714.513.5130

Attorneys for Defendant,
MAMMOTH HOSPITALITY
MANAGEMENT, LLC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO

| | |
|---|---|
| ROSEMARY GARCIA, an individual;, <br><br> Plaintiff, <br><br> v. <br><br> MAMMOTH HOSPITALITY MANAGEMENT, LLC, a Delaware limited liability company; and DOES 1 to 50 inclusive,, <br><br> Defendants. | Case No. 2:19-cv-00668-WBS-EFB <br> Honorable William B. Shubb <br><br> **RESPONSE IN SUPPORT OF CONSOLIDATION** <br><br> Hearing Date: September 23, 2019 <br> Time: 1:30 P.M. <br> Courtroom: 5 <br><br> Action Filed: March 4, 2019 <br> Trial Date: None Set |

# TABLE OF CONTENTS

|   |   | Page |
|---|---|---:|
| I. | INTRODUCTION | 1 |
| II. | ARGUMENT | 1 |
| | A. The Two Matters Present Common Questions of Law and Fact. | 2 |
| | B. Judicial Economy Weighs in Favor of Consolidation. | 3 |
| | C. There is No Prejudice To Plaintiff. | 4 |
| III. | CONCLUSION | 4 |

# TABLE OF AUTHORITIES

Page(s)

Cases

*Arnold v. Eastern Airlines*
   681 F.2d 186 (4th Cir. 1982) ...................................................................................... 2

*Imran v. Vital Pharmaceuticals, Inc.*
   2019 WL 1509180 (N.D. Cal. Apr. 5, 2019) ............................................................. 1

*Investors Research Co. v. U.S. Dist. Court for Cent. Dist. of Cal.*
   877 F.2d 777 (9th Cir. 1989) ...................................................................................... 1

Other Authorities

Federal Rule of Civil Procedure 42(a) ............................................................................... 1

## I. INTRODUCTION

Plaintiff Rosemary Garcia ("Plaintiff") has filed two cut and paste "surf by" lawsuits against nearly identical websites that are both operated by the same parent company. Plaintiff's counsel specializes in bringing such lawsuits. These two particular lawsuits allege that the websites for The Juniper Springs Resort and the Village Lodge are inaccessible to her because they allegedly do not provide a sufficient amount of information to enable her to make a reservation.

These two cases share nearly identical facts and share common questions of law. All of the relevant factors weigh in favor of consolidation. Judicial economy will be served by reducing the burden on the courts by only having a single trial, reduce the burden on witnesses and counsel that are posed by multiple lawsuits, and minimize expense. In addition, the potential prejudice and possible confusion to defendant by having inconsistent adjudications of common factual and legal issues will be avoided. Moreover, Plaintiff has identified no possible prejudice to her by combining these single actions into one.

Therefore, consolidation of these two actions is appropriate.

## II. ARGUMENT

Federal Rule of Civil Procedure 42(a) states: "If actions before the court involve a common question of law or fact, the court may: (2) consolidate the actions." "The district court has broad discretion under this rule to consolidate cases pending in the same district." *Investors Research Co. v. U.S. Dist. Court for Cent. Dist. of Cal.*, 877 F.2d 777 (9th Cir. 1989). "In determining whether or not to consolidate cases, the Court should 'weigh the interest of judicial convenience against the potential for delay, confusion and prejudice.'" *Imran v. Vital Pharmaceuticals, Inc.*, 2019 WL 1509180, *9 (N.D. Cal. Apr. 5, 2019).

The Fourth Circuit has further described the standard as follows:

> The critical question for the district court in the final analysis was whether the specific risks of prejudice and possible

> confusion were overborne by the risk of inconsistent
> adjudications of common factual and legal issues, the burden on
> parties, witnesses and available judicial resources posed by
> multiple lawsuits, the length of time required to conclude
> multiple suits as against a single one, and the relative expense
> to all concerned of the single-trial, multiple-trial alternatives.

*Arnold v. Eastern Airlines*, 681 F.2d 186, 193 (4th Cir. 1982); *see also* Wright & A. Miller, Federal Practice and Procedure, § 2381 (1971).

### A. The Two Matters Present Common Questions of Law and Fact.

Each of the two cases present numerous common questions of law and fact. Common factual questions include Plaintiff's allegations that:

(1) On February 12, 2019, Plaintiff alleges she visited both websites. (¶ 19 of both Complaints);

(2) Plaintiff alleges that she wanted to visit a hotel in the Mono County area, which she claims she planned to visit on March 8 through 9, 2019 (¶ 20 of both Complaints);

(3) Plaintiff alleges that both websites failed to allow her to make a reservation at either hotel because (i) the statement "Please call to discuss specific ADA room availability" is illegal under the ADA; (ii) the "link labeled 'Accommodations' which offers photos, a description, and a 'Book Now' link for each of the Hotel's six room options" does not provide information related to accessibility; (iii) the "link labeled 'Information'" does not provide information related to accessibility; (iv) remaining "links from the homepage" do not provide information related to accessibility; (v) the website "does not indicate with any degree of detail whether the Subject Property offers accessible features, including but not limited to parking and/or accessible pathways to the accessible entrance(s), or accessible pathways to resort amenities;" and (vi) the website "does not permit reservations in the same manner as other rooms including the identification of

accessible features in the rooms and of the Subject Property in enough detail to permit Plaintiff to assess independently whether a given hotel or guest room meets their accessibility needs." (*see* ¶ 21 of both Complaints). The only allegation that is at all different is that Plaintiff alleges that, with respect to the Village Lodge website, there is an accessibility link that prompts Plaintiff to obtain accessibility info via email instead of providing it on the website. (*see* ¶ 21(d) of the Village Lodge complaint). *However, if anyone clicks the "Accessibility" link at the bottom of either https://www.juniperspringsmammoth.com/ or https://www.thevillagelodgemammoth.com/* **both websites connect to the same page**: https://www.alterramtnco.com/accessibility/. Therefore, this allegation is, in actuality, common to both websites.

(4) On "information and belief," Plaintiff alleges that both properties do not have a reservations policy that complies with the ADA. (¶ 23 of both Complaints).

In addition, a cursory glance at both websites indicates that are both very similarly constructed. (*Compare* https://www.juniperspringsmammoth.com/ with https://www.thevillagelodgemammoth.com). The websites use the same reservations engine. (*Compare* https://www.juniperspringsmammoth.com/reservations with https://www.thevillagelodgemammoth.com/reservations). In addition, each website contains links to the other because they are both part of the "Mammoth Lodging Collection."

Further, there can be no dispute that both cases involve common questions of law. Both cases require the Court to interpret and apply the requirements of the ADA, its implementing regulations, and California's Unruh Act insofar as it applies to the websites at issue.

**B.      Judicial Economy Weighs in Favor of Consolidation.**

Consolidation of the two cases will promote judicial economy. The parties and witnesses will largely be the same. Rather than having two trials, there will be

one. In addition, discovery will be streamlined by reducing the number of permissible interrogatories.

In addition, consolidation avoids the risk of inconsistent adjudications and confusion. For instance, despite the websites being substantially the same, one court may find that the website complies with the ADA and one court may not. Alternatively, one court may find that Plaintiff was genuinely attempting to book a room in Mono County in February of 2019 and one court may find she was not. This creates a substantial risk of inconsistent adjudications and potential confusion.

**C.  There is No Prejudice To Plaintiff.**

Plaintiff does not identify any additional expense that she would have to incur by virtue of consolidation. She simply claims that the workload would be "doubled." Of course, there can be no doubt that having one trial would be less expensive and time consuming than two as many pretrial activities would be duplicative.

**III.  CONCLUSION**

For all the foregoing reasons, Defendant respectfully requests that the two cases be consolidated.

Dated:  September 10, 2019

                      SHEPPARD, MULLIN, RICHTER & HAMPTON LLP


                      By          */s/ Gregory F. Hurley*
                              GREGORY F. HURLEY

                              Attorneys for Defendant,
                           MAMMOTH HOSPITALITY
                             MANAGEMENT, LLC