Joseph R. Manning, Jr., Esq. (State Bar No. 223381)
**MANNING LAW, APC**
20062 S.W. Birch St., Suite 200
Newport Beach, CA 92660
Office: (949) 200-8755
DisabilityRights@manninglawoffice.com

Attorneys for Plaintiff
ROSEMARY GARCIA

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSEMARY GARCIA, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MAMMOTH HOSPITALITY MANAGEMENT, LLC, a Delaware limited liability company; and DOES 1-50 inclusive,<br><br>Defendants**.** | Case No.: 2:19-cv-00668-WBS-EFB<br><br>**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND** |

    Plaintiff Rosemary Garcia ("Plaintiff") respectfully submits her Reply to Defendant's Opposition to Plaintiff's Motion to Remand.

---

## I. Plaintiff Does Not Seek Declaratory Relief as to the ADA Alone

Defendant deliberately misreads Plaintiff's Complaint in order to argue that Plaintiff "explicitly seeks a declaration that Defendant violated the ADA" which, in turn, should confer federal-question jurisdiction. Opposition at p.4. However, removal remains "improper where a federal issue raised in a plaintiff's complaint is *merely collateral* to a state law claim." (*Jackson v. Yoshinoya America Inc*., No. CV 12-08518 MMM EX, 2013 WL 865596, at *2 (C.D. Cal. Mar. 7, 2013) (emphasis in original) (citing 4A Charles A. Wright, Arthur R. Miller et al., Federal Practice and Procedure, § 3722 (4th ed. 2012))).

Plaintiff's request for declaratory relief is inexorably tied to Plaintiff's claims for violations of the Unruh Act in that a violation of the ADA is necessarily a violation of the Unruh Act. Cal. Civ. Code, § 51(f). Plaintiff's full prayer for declaratory relief requests:

> "A declaration that since March 15, 2012, defendant discriminated against persons with mobility impairments by failing to ensure that Defendant's reservations service offered through the Website allowed persons with mobility impairments to independently identify accessible features of Defendant's hotel and rooms and independently reserve accessible rooms in the hotel, and that Defendant did not comply with the requirements of 28 CFR § 36.302(e)(1) et seq. in violation of Title III of the ADA, 42 U.S.C. §§ 12181, et seq., 28 CFR § 36.302(e)(1) et seq., and California's Unruh Act, California Civil Code §§ 51-52[.]"

The fact that Plaintiff requests declaratory relief as to violations of the ADA *and* the Unruh Act reflect nothing more than the state of the relevant Unruh Act provisions as they currently exist. The mention of the ADA in the request does not automatically confer federal question jurisdiction any more than it does for Plaintiff's prayer for statutory damages. *See infra.*

//

1

PLAINTIFF'S REPLY TO OPPOSITION

## II. Both *Wander* and *Pickern* Support Plaintiff's Motion for Remand

In its Opposition, Defendant argues that the Ninth Circuit case *Wander v. Kaus*, 304 F.3d 856 (9th Cir. 2002) should not apply to the instant case and that the Eastern District case *Pickern v. Best W. Timber Cove Lodge Marina Resort*, 194 F. Supp. 2d 1128 (E.D. Cal. 2002) actually concludes that a complaint seeking injunctive relief would give rise to federal-question jurisdiction and that that reasoning ought to apply here.

In each of the foregoing, the courts made their holdings based on a plaintiff seeking solely damages, and no injunctive relief, pursuant to state law with claims premised upon the defendants' alleged violation of Title III of the Americans with Disabilities Act. Here, Plaintiff seeks both injunctive relief and statutory damages pursuant to the Unruh Act, while acknowledging that a violation of the ADA constitutes a violation of the Unruh Act. Cal. Civ. Code § 51(f). Neither *Wander* nor *Pickern* made the holding that a state law cause of action based on the ADA where both statutory damages and injunctive relief are sought pursuant to state law implies a federal question.

Nonetheless, both *Wander* and *Pickern* still support remand of this action to the Superior Court. In *Wander v. Kaus*, 304 F.3d 856, 859 (9th Cir. 2002), aside from the Ninth Circuit explicitly holding that a "[plaintiff]'s state law cause of action claim does not "arise under federal law" even though it is premised on a violation of federal law", specifically cited *Pickern* as follows:

> "As Judge Shubb pointed out, actions for damages under the DPA necessarily involve issues outside the scope of Title III of the ADA: 'Damages for emotional distress ... require testimony regarding the effect of the defendant's actions on the plaintiff's mental and emotional health. Daily deterrence damages ... require plaintiffs to prove that they were deterred on a particular occasion from attempting to attend a place of public accommodation. This inquiry involves as much an examination of the plaintiff's mental state as it

does an examination of the extent of the alleged ADA violations. Thus, the question of damages becomes the tail that wags the dog of the ADA issues.'" (quoting *Pickern*, 194 F.Supp.2d at 1132 (emphasis added in *Wander*).

*Pickern*'s quoted language that "the question of damages become the tail that wags to the dog of the ADA issues" is significant. Subsequent to both *Pickern* and *Wander* being decided, the California Legislature changed both the Unruh Act and the CDPA effective as of May 10, 2016 with respect to recovering statutory damages so that a plaintiff seeking such damages must now satisfy the "difficulty, discomfort, or embarrassment" requirement for a personal encounter with a violation as stated in Civi Code section 55.56(c), or alternatively, that the plaintiff is seeking damages under a "deterrence" theory under Civil Code section 55.56(d).

Here, Plaintiff alleges ongoing deterrence based on Defendant's continued violations of the Unruh Act throughout her complaint. (Cmpl. ¶¶ 24, 32, ). The key point is that *Pickern* and *Wander* were both decided more than a decade before the Legislature changed the requirements for obtaining statutory damages under the Unruh Act and the CDPA, and made such requirements more difficult for plaintiffs to satisfy. As such, at minimum, Plaintiff raises questions that are not relevant to the ADA issues, but more reasonably, especially when concurrently considering Plaintiff's allegations regarding the lack of a nexus required between "business establishments" and the services solely under the Unruh Act, Plaintiff's complaint presents issues of solely state law.

Similarly, Plaintiff's request for statutory damages pursuant to California Civil Code § 52(a) does not only amount to $4,000 based on a violation of the ADA and instead exceeds that amount based on the ongoing deterrence under the Unruh Act she faces due to Defendant's failure and refusal to ensure full and equal access. Thus, in this instance, the question of damages, and the specific state law therefore, becomes the tail that wags the dog of the ADA issues. *Wander*, 304 F.3d 860 (citing *Pickern*, 194 F.Supp.2d at 1132).

Lastly, Defendant fails to acknowledge the explicit language from *Wander* supporting remand based on the two types of relief sought by Plaintiff – both injunctive relief and statutory damages: "**Congress intended that there be no federal cause of action for damages for a violation of Title III of the ADA**. To exercise federal-question jurisdiction in these circumstances would circumvent the intent of Congress." *Wander* 304 F.3d at 857. Thus, the binding Ninth Circuit precedent, as well as the substantive state law upon which Plaintiff's claims must be determined, support remand to the Superior Court.

### III. Plaintiff's Complaint May Be Reasonably Construed as Pleading Intentional Discrimination Under the Unruh Act

Defendant offers an incorrect and self-serving reading of Plaintiff's complaint when it attempts to argue Plaintiff made no allegations of intentional discrimination under the Unruh Act. Rather, Plaintiff's Complaint can and should be construed as alleging intentional discrimination in paragraph 24: "Plaintiff has been, and in the absence of an injunction will continue to be, injured by Defendant's *policy and practice* of failing to make reasonable modifications to its reservations policies practices and procedures..." (emphasis added). Complaint. Indeed, Plaintiff notes that the hotel industry has been on notice of the Final Rule on Nondiscrimination on the Basis of Disability by Public Accommodations, which includes the hotel reservations requirement, since September 15, 2010. Complaint at ¶ 8. Therefore, Defendant's ongoing practice and procedure of providing an inaccessible reservations system despite being on notice of its legal obligation to do so constitutes intentional discrimination.[1]

The case *Thurston v. Toys R Us, Inc*., 5:16−cv−02672−JAK-AGR at Dkt. 14, pg. 4 (C.D. Cal., February 23, 2017) is illustrative:

---

[1] Plaintiff is willing, and should be permitted, to amend her complaint to clarify her intentional discrimination allegations should the Court determine it is necessary.

> "A review of these allegations and a construction of the Unruh Act, shows that the Complaint seeks relief under two separate theories: (i) Defendant violated Cal. Civ. Code § 51(b), which provides that all persons within the jurisdiction of California are 'entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever," and (ii) Defendant violated Cal. Civ. Code § 51(f), which provides that an ADA violation is also a violation of the Unruh Act. **There is no showing or suggestion that the relief Plaintiff has requested is unavailable under California law**. Thus, the present claim is not based **solely on the ADA**. 'When a claim can be supported by alternative and independent theories – one of which is a state law theory and one of which is a federal law theory – federal question jurisdiction does not attach because federal law is not a necessary element of the claim.' *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 346 (9th Cir. 1996)."

*Toys R Us*, 5:16−cv−02672−JAK-AGR, Dkt. 14 at 4 (C.D. Cal., February 23, 2017) (emphasis added) (Dkt. No. 12-1, Ex. A); see also *Rios v. Friendly Hills Bank*, No. CV 17-04582 BRO (JPR), 2017 WL 3530348, at *4 (C.D. Cal. Aug. 16, 2017) ("Because the Plaintiff only asserts a state-law cause of action and seeks only state-law remedies, the Court finds that the Plaintiff's claim does not "arise under" federal law."); *Thurston v. Chino Commercial Bank*, No. CV 17-01078 BRO (JCx), 2017 WL 3224681, at *4 (C.D. Cal. July 27, 2017) (same); *Rios v. CWGS Enterprises, LLC*, No. CV 17-03614 RSWLAFMx, 2017 WL 3449052, at *3 (C.D. Cal. Aug. 11, 2017) ("It is clear that Plaintiff did not directly allege a federal cause of action and federal law does not create the cause of action in the instant case. Therefore, federal question jurisdiction is not appropriate on this basis."); *Cohen v. Ralphs Grocery Co.*, No. CV 13-01728 GAF (JEMx), 2013 WL 1303825, at *2 (C.D. Cal. Mar. 26, 2013) (finding the claim did not "arise under" federal law where the plaintiff alleged a single cause of action pursuant to a violation of the Unruh Act, even where the

plaintiff alleged a violation of the ADA as a theory for proving the Unruh Act violation); *Mason v. El Torito*, No. CV 12-07934 GAF (VBKx), slip op. at 3 [ECF #11] (C.D. Cal. Oct. 15, 2012) ("That Plaintiff mentioned the violation of a federal statute in his Complaint does not transform this suit into a federal question case.") (citing *Carpenter v. Raintree Realty, LLC*, No. CV 11–06798–RGK (MRWx), 2012 WL 2579179, at *2 (C.D. Cal. July 2, 2012) ("The mere fact that the Unruh Act incorporates violations of the ADA does not give this Court federal question jurisdiction over Plaintiff's state law claim.") (*Thurston v. Container Store, Inc.*, 2017 WL 658806 (C.D. Cal., Feb. 16, 2017); *Thurston v. Omni Hotels Management Corporation*, 5:16-cv-02596- TJH-KK at Dkt. 15 (C.D. Cal., May 19, 2017) (Dkt. No. 12-1, Ex. B).

## IV. The Lack of a Nexus Requirement Under the Unruh Act Supports Remand

Defendant fails to acknowledge that, unlike the ADA, the Unruh Act does not require a nexus between physical "business establishments" and their services, which clearly supports remand. *Natl. Fedn. of Blind v. Target Corp.*, 582 F. Supp. 2d 1185 (N.D. Cal. 2007) illustrates this argument:

> "**The statutory text [of the Unruh Act] is not susceptible to the limited construction that the Ninth Circuit has placed on the ADA**. *Weyer*, 198 F.3d at 1114 (9th Cir.2000). **In its 1959 amendments to the Unruh Act, the California legislature eliminated the list of physical places contained in the Act and replaced it with the reference to "all business establishments of every kind whatsoever."** *Warfield v. Peninsula Golf & Country Club*, 10 Cal.4th 594, 618, 42 Cal.Rptr.2d 50, 896 P.2d 776 (1995) (discussing 1959 amendments to the Unruh Act); *Gardner v. Vic Tanny Compton, Inc.*, 182 Cal.App.2d 506, 512, 6 Cal. Rptr. 490 (1960) (describing interpretation of previous statutory language limiting Unruh Act to "all other places"). **By contrast, the California Supreme Court has read the relevant language of**

**the Unruh Act to the broadest extent possible: "the word 'establishment,' as broadly defined, includes not only a fixed location ... but also a permanent 'commercial force or organization.' "** *O'Connor v. Village Green Owners Ass'n*, 33 Cal.3d 790, 795, 191 Cal. Rptr. 320, 662 P.2d 427 (1983). In its most recent amendments to the Unruh Act, the legislature made a specific finding expressing its support for the expansive construction in *O'Connor. See* Cal. Civ. Code. § 51, Historical Notes–Historical and Statutory Notes ("It is the intent of the Legislature that the amendments made to the Unruh Civil Rights Act by this act do not affect the California Supreme Court's rulings in [*Marina Point* ] and [*O'Connor* ]."). Indeed, one federal district has recently construed the term "business establishment" to include an exclusively internet-based adoption agency. *Butler v. Adoption Media, LLC*, 486 F.Supp.2d 1022, 1054 (N.D. Cal.2007) (Hamilton, J.). In that case, the plaintiffs alleged that the website's refusal to offer same-sex domestic partners the adoption-related services on the same terms and conditions offered married couples, violated the Unruh Act. **None of these cases restrict the applicability of the Unruh Act in the same way as the ADA; imposing a nexus requirement on the class definition for the California subclass is, therefore, not necessary**."

*Target Corp.*, 582 F. Supp. 2d at 1197. The foregoing decision did not hold that there is no nexus requirement under the Unruh Act only where intentional discrimination is alleged. Instead it recognized more broadly that the Unruh Act does not support a nexus requirement – period. Further, its holding that individualized determinations of discrimination were not required for class certification further supports the interpretation that the no nexus requirement for the Unruh Act applies irrespective of an allegation of intentional discrimination.

Further, the Court in *Butler v. Adoption Media, LLC*, 486 F. Supp. 2d 1022 (N.D. Cal. 2007) at 1056 specifically held: "The court is not persuaded by

defendants' claim that [the website] is not a "business establishment." As described in Plaintiff's Complaint, the hotel and the website it offers to the public plainly constitute a business establishment as defined under California law. See *Isbister*, 40 Cal.3d at 78–79, 219 Cal.Rptr. 150, 707 P.2d 212 (in enacting the Unruh Act, the Legislature intended that "business establishments" be interpreted in the broadest sense reasonably possible)." The Butler court also did not make its holding dependent upon an allegation or finding of intentional discrimination under the Unruh Act.

Based on the foregoing, Plaintiff's allegations and relief requests based on the definition of "business establishment" under Unruh, without a nexus to a place of public accommodation as required under the ADA in Ninth Circuit courts, further supports remand of this case to the Superior Court.

## V. Plaintiff's Request for Fees is Well-Supported

Where removal was improper, the court may award attorneys' fees incurred in seeking remand to the proper court. 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.") The Supreme Court held that "the standard for awarding fees should turn on the reasonableness of the removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). As the Court put it, "[a]bsent unusual circumstances, courts may award attorney's fees [] where the removing party lacked an objectively reasonable basis for seeking removal." Id.; *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008).

As stated, in Plaintiff's Motion, Defendant's removal is inherently unreasonable because this is a common, and often unsuccessful, tactic employed by Counsel for Defendant with the primary goal of causing expense and delay - an allegation Defendant does not address. *See* FN 1. Also, Plaintiff's refusal to respond to Defendant's attempt to place and unreasonable condition on a stipulation to remand hardly excuses the unreasonableness of the removal.

## VI. Conclusion

For the reasons set forth herein, and in light of the Ninth Circuit's mandate that "the court resolves all ambiguity in favor of remand to the state court", Plaintiff respectfully requests that the Court remand this action to the Superior Court of California for the County of San Diego, award Plaintiff's attorneys' fees in the amount of $2,325, and grant such further and other relief as the Court deems appropriate. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009).

DATED: September 16, 2019   Respectfully submitted,
　　　　　　　　　　　　　　MANNING LAW APC


By: */s/ Joseph R. Manning, Jr.*
　　　Joseph R. Manning, Jr.